# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHAEL MCCRAY,

       Plaintiff,                CIVIL ACTION NO. 07-CV-13297-DT

vs.

                                   DISTRICT JUDGE DENISE PAGE HOOD

OFFICER MOORE,               MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

       Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL
## AND
## DENYING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME

This is a prisoner civil rights action brought under 42 U.S.C. § 1983. On October 18, 2007 Plaintiff filed a second Motion for Appointment of Counsel. (Docket no. 22). On the same date Plaintiff filed a Motion for Enlargement of Time. (Docket no. 21). These matters are before this Court pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 7). These two motions are now ready for ruling.

Appointment of counsel for prisoners proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (internal quotations and citations omitted). *See also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (citing Charles R. Richey, Prisoner Litigation in the United States Courts 75 (1995) ("'Prisoners have no statutory right to counsel in civil rights cases.

Instead, the appointment of counsel is within the court's discretion.'")). At this time, the Court declines to exercise its discretion to appoint counsel to represent Plaintiff. Plaintiff has adequately alleged the claims forming the basis of this section 1983 action indicating his basic understanding of the legal process. Accordingly, Plaintiff's Motion for the Appointment of Counsel will be denied.

Plaintiff has also filed a Motion for Enlargement of Time. (Docket no. 21). Plaintiff recites the Rules of Civil Procedure governing Interrogatories, Requests for the Production of Documents, and for Requests for Admissions. He requests an extension of time "to perform" under these rules. Plaintiff is therefore requesting an extension of the discovery period. However, a scheduling order has not yet been entered in this action. There is, therefore, not a deadline in place for the completion of discovery. Any request for an extension is premature. Plaintiff's Motion for Enlargement of Time will also be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for the Appointment of Counsel (docket no. 22) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Enlargement of Time (docket no. 21) is **DENIED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 07, 2007    s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

      I hereby certify that a copy of this Order was served upon Michael McCray and Counsel of Record on this date.

Dated: November 07, 2007              <u>s/ Lisa C. Bartlett</u>  
                                                Courtroom Deputy