UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. McCRAY,

               Plaintiff,

v.

MARC MOORE, *et al.*,

               Defendants.

_____/

Case No. 07-13297

Denise Page Hood
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION FOR JUDGMENT ON PLEADINGS,
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
AND PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL**

**I.**         **PROCEDURAL HISTORY**

Plaintiff, Michael McCray is a prisoner in the custody of the State of

Michigan. (Dkt. 1). Pursuant to 42 U.S.C. § 1983, plaintiff filed a complaint

against defendants on August 8, 2007, alleging that they violated his constitutional

rights. *Id.* Plaintiff sought to proceed under the provisions of 28 U.S.C.

§ 1915(a), which allows a party to file a complaint without payment of customary

court fees. (Dkt. 2). On August 8, 2007, plaintiff's application to proceed *in*

*forma pauperis* was granted. (Dkt. 5). District Judge Denise Page Hood referred

this matter to Magistrate Judge Mona K. Majzoub for all pre-trial matters on

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

1

August 21, 2007.  (Dkt. 7).  On January 14, 2008, this matter was reassigned to the undersigned.  (Dkt. 26).

Defendant Moore (a Michigan State Trooper) filed an answer to the complaint on September 17, 2007.  (Dkt. 12).  Defendants Birdwell, Adams, and the City of Adrian (Adrian defendants) filed a motion for judgment on the pleadings on September 28, 2007.  (Dkt. 18).  The remaining defendants[1] filed an answer on September 25, 2007 and a motion for summary judgment on October 26, 2007.  (Dkt. 16, 23).  Plaintiff moved for additional time to respond to the motion for judgment on the pleadings, which was denied by Magistrate Judge Majzoub on November 7, 2007.  (Dkt. 21, 25).  Instead of responding to the motion for judgment on the pleadings or the motion for summary judgment, plaintiff filed a motion to amend the complaint and a motion to "voluntarily" dismiss certain defendants.  (Dkt. 29, 30).  Plaintiff did not file a response to the

---

[1] These defendants are Magistrate Tina Todd, Circuit Court Judge William Lavoy, an unidentified "District Judge," the County of Monroe, the County of Lenawee, the Monroe County Prosecutor's Office, prosecuting attorney Weipert, prosecuting attorney Swinkey (County defendants), the Monroe County Sheriff's Department, Detective Corie, Deputy Gore, and Chief Tilman Crutchfield (Sheriff's Department defendants).  In his motion to voluntarily dismiss certain defendants, plaintiff expresses his willingness to dismiss all of the County defendants, but not the Sheriff's Department defendants.  (Dkt. 29).

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

2

motion for judgment on the pleadings so, on April 16, 2008, the Court directed plaintiff to file a response by May 12, 2008. (Dkt. 43). Plaintiff has not filed a response. The Court also directed plaintiff to respond to the motion for summary judgment by March 28, 2008. (Dkt. 27). Plaintiff has not responded to this motion either.

On March 25, 2008, the Court directed defendants to respond to plaintiff's motions. (Dkt. 32). The Adrian defendants filed responses on April 8, 2008. (Dkt. 40, 41). Defendant Moore filed a response to the motion to amend on April 9, 2008. (Dkt. 42). The County defendants and the Sheriff's Department defendants filed a response to the motion to amend on May 6, 2008. (Dkt. 44). Plaintiff filed replies on May 12, 2008. (Dkt. 46, 47). Plaintiff also filed an affidavit on May 27, 2008. (Dkt. 48).

For the reasons for forth below, the undersigned **RECOMMENDS** that defendants' motions for judgment on the pleadings and for summary judgment be **GRANTED**,[2] that plaintiff's motion to voluntarily dismiss certain defendants be

---

[2] While defendant Moore has not filed a dispositive motion, plaintiff's claims against him should be dismissed with prejudice for the same reasons as the remaining defendants and as he describes in his response to plaintiff's motion for leave to amend the complaint, discussed herein.

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

3

**DENIED** as **MOOT**, and that plaintiff's complaint be **DISMISSED** in their entirety **WITH PREJUDICE**.

## II.    STATEMENT OF FACTS

### A.    Plaintiff's Complaint and Proposed Amended Complaint

Plaintiff's claims arise from an incident that occurred on April 10, 2003. (Dkt. 1, p. 3). Plaintiff alleges that he was pulled over on M-50 in Dundee, Michigan while "out on a bond stipulation." *Id*. Plaintiff claims that he was not permitted to leave Lenawee County unless his girlfriend was with him. *Id*. While he was driving to Detroit with his girlfriend in the vehicle, he was pulled over by defendant Moore (a Michigan State Trooper). *Id*. at 4. He claims that defendant Moore did not have probable cause to pull him over and that, when he stopped, "more unknown Officer's [sic] came to the scene with guns out screaming to get out of the car... ." *Id*. Plaintiff claims that defendant Moore assaulted him and searched his car without his consent. *Id*. at 4-5. After he was handcuffed, plaintiff claims that defendant Moore sexually assaulted him while the other officers watched. *Id*. at 5. Plaintiff also claims that the Sheriff's Department defendants falsely arrested him, unlawfully imprisoned him, and that the County defendants prosecuted him maliciously. *Id*. at 11. Finally, plaintiff claims that his

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

prosecution and imprisonment were a "fraud upon the court." *Id*. at 12-13.

While his complaint is not a model of clarity, plaintiff appears to assert the following claims: (1) that one or more "police officers" arrested him without a warrant, probable cause or exigent circumstances; (2) that one or more "police officers" assaulted him; (3) and one or more "police officers" stood idly while plaintiff was assaulted; (4) that one or more of the defendants falsely arrested plaintiff; (5) plaintiff claims that the Adrian defendants and the County defendants failed to adequately train, supervise, or discipline the officers and that, pursuant to a policy, practice or custom, they were deliberately indifferent to or encouraged the harm caused by the officers; (6) that the County of Monroe, the City of Monroe, the County of Lenawee, and the City of Adrian are vicariously liable for acts of the officers, prosecutors, and judges; (7) the defendant officers falsely arrested and falsely imprisoned him; (8) that two or more County and City defendants allowed a "fraud in the court" and "schemed to retaliate"; (9) that two or more defendants allowed a malicious prosecution against him; (10) all defendants conspired to deprive him of his constitutional rights; and (11) all defendants caused him to be falsely arrested and imprisoned. While their alleged levels of participation vary, as does whether the claims are based on vicarious

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

5

liability, a fair reading of plaintiff's complaint places his claims against defendants

into the following categories: (1) excessive force and assault and battery (and a

pattern or practice of same); (2) false imprisonment; (3) false arrest; and (4)

malicious prosecution, which appears to encompass the allegations of a "fraud on

the court." (Dkt. 1). Plaintiff's complaint, in an effort to be as broad as possible,

appears to allege, at one point or another, all categories of claims against all

defendants. However, a review plaintiff's proposed amended complaint seems to

clarify which claims he is pursuing against which defendants.

In his proposed amended complaint, plaintiff only makes claims against the

various police officers and police agencies. Plaintiff's complaint also includes

only those claims arising from the alleged use of excessive force, including an

alleged failure to train officers to use force properly, an alleged failure to assist

plaintiff during the arrest, and an alleged failure to notify supervisory personnel

that plaintiff was assaulted. (Dkt. 1, 28). Reading the initial complaint in

conjunction with the proposed amended complaint, plaintiff appears to assert the

excessive force claims against the Sheriff's Department defendants and the Adrian

defendants only, as these are the only defendants and the only claims that remain

in the proposed amended complaint. Thus, it also appears that plaintiff's claims

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

6

for false arrest, false imprisonment, and malicious prosecution were brought against some or all of the County defendants as he omits these claims from his proposed amended complaint and seeks to voluntarily dismiss these defendants. (Dkt. 28, 29). Given the undersigned's conclusion that it would be futile for plaintiff to amend his complaint, all claims contained in the initial complaint are addressed.

B.    Motion for Judgment on the Pleadings

The Adrian defendants move for judgment on the pleadings, asserting that the statute of limitations governing plaintiff's claims expired before he filed suit in federal court. (Dkt. 19). The Adrian defendants assert that there can be no dispute that plaintiff's causes of action arose on April 10, 2003, when he was arrested. *Id.* at 2. Under 42 U.S.C. § 1983 and applicable Michigan law, the three-year limitations period began running on that date. Thus, the statute of limitations expired on April 10, 2006. *Id.* Given that plaintiff did not file this action until August 10, 2007, more than one year after the expiration of the statute of limitations, according to the Adrian defendants, his claims are time-barred. *Id.*

C.    Motion for Summary Judgment

The County defendants and the Sheriff's Department defendants filed a

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

motion for summary judgment on all of plaintiff's claims, also based on the statute of limitations. (Dkt. 23). They point out that plaintiff's complaint falsely states that the underlying criminal prosecution ended in his favor. Indeed, plaintiff is serving a sentence on charges to which he pleaded guilty, arising from the events of April 10, 2003. *Id*. at 1. The County defendants and Sheriff's Department defendants also give a detailed statement of facts regarding the events of April 10, 2003. On April 10, 2003, the state police "OMNI team"[3] received information that plaintiff would be traveling from Adrian to Monroe, Michigan with a quantity of powder cocaine. *Id*. A separate OMNI team advised that plaintiff "was under house arrest and was not to leave Lenawee County due to a court-ordered bond condition, pursuant to a pending sentence for narcotics." *Id*. The state police then surveilled plaintiff's home and observed him leaving his residence and traveling into Monroe County. *Id*. A traffic stop was then effectuated and, according to the officers, plaintiff admitted to transporting the cocaine with intent to sell and giving it to his girlfriend. *Id*.; Ex. A. The County defendants and the Sheriff's

---

[3]  Community leaders and law enforcement agencies in Hillsdale and Lenawee Counties partnered with the Michigan State Police and federal agencies to establish the Office of Monroe Narcotics Investigation (OMNI). OMNI is a multijurisdictional team with the common goal of removing drug dealers from the streets. *See,* http://www.michigan.gov/documents/OMNI-III_131198_7.pdf.

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

8

Department defendants submitted the register of actions from the state court criminal proceeding, which reflects that, during his pretrial hearing held on July 2, 2004, plaintiff pleaded guilty of possession with intent to deliver a controlled substance, as well as to habitual offender, fourth. *Id.*; Ex. B.

The County defendants and Sheriff's Department defendants, like the Adrian defendants, argue that plaintiff's § 1983 claims are governed by the three-year Michigan personal injury statute of limitations. *Id.* at 3, citing, *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003); *Wolfe v. Perry*, 412 F.3d 707 (6th Cir. 2005). They also point out that, under Michigan law, claims of malicious prosecution, assault, battery, and false imprisonment are subject to a two-year statute of limitations. *Id.* at 2. Defendants argue that, even under the three-year limitations period, plaintiff's claims for malicious prosecution and false imprisonment are time-barred. They would have accrued, at the latest, on July 2, 2004 when he pleaded guilty and thus, the limitations expired, at the latest, on July 2, 2007. *Id.* at 2-3. Given that plaintiff filed this action on August 10, 2007, his claims are time-barred. *Id.* at 3.

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

9

D.  Motion for Leave to File Amended Complaint[4]

Rather than responding to defendants' dispositive motions, plaintiff filed a motion to amend his complaint and a proposed amended complaint. (Dkt. 30, 28). Plaintiff argues that, as a pro se litigant, he was unaware that he had to state in his complaint why he could not have brought his claims within the applicable statute of limitations and sets forth those reasons in his proposed amended complaint. (Dkt. 30, pp. 1-2). In his proposed amended complaint, plaintiff claims that, while he spent 10 months in jail awaiting disposition of the criminal charges against him, he made several attempts to obtain the names of the unknown officers who were at the scene of his arrest. (Dkt. 28, p. 6, ¶ 39). He states that these requests were made to the various police agencies involved and he received no response to his requests. *Id*. Plaintiff also alleges in his proposed amended complaint that, after he was transported to the prison, he again attempted to obtain the names of the unknown officers, but no one responded to his requests. *Id*. at ¶ 40.

---

[4] Plaintiff's motion for leave to amend will be denied via separate order, given that it is a non-dispositive motion and a report and recommendation is unnecessary. For all the same reasons that the undersigned recommends dismissing plaintiff's claims with prejudice, the motion to amend so too will be denied. This motion is discussed at length herein, given that it is essentially plaintiff's response to defendants' dispositive motions.

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

10

The Adrian defendants oppose plaintiff's motion to amend, arguing that plaintiff has not shown any basis for tolling the limitations period. (Dkt. 41). Defendants argue that, while the applicable statute of limitations is determined under state law, when the limitation period begins to run is governed by federal law. *Id*. at 2, citing, *Ruff v. Runyon*, 258 F.3d 498 (6th Cir. 2001); *Wilson v. Garcia*, 471 U.S. 261 (1985). And, according to defendants, under federal law, the statute of limitations begins to run when plaintiff knew or should have known about the injury that forms the basis of the claims. *Id*., citing, *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991). The focus of this inquiry is whether a "plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). The Adrian defendants argue that plaintiff fails to allege or show that he did not know (and should have known) of his alleged injuries at the time they occurred or that he did know (and should have known) the identity of the officers involved in his arrest. (Dkt. 41, p. 3).

Defendants suggest that plaintiff's claim is really an attempt to establish "fraudulent concealment," which, under limited circumstances, can operate to toll the limitations period where (1) a defendant wrongfully conceals their actions, (2)

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

11

a plaintiff fails to discover the operative facts that are the basis of his cause of action within the limitations period, and (3) the plaintiff exercised due diligence until he discovered the facts. *Id.* at 3, citing, *Friedman, supra.* The Adrian defendants argue that plaintiff fails to even identify any act or wrong that was concealed by them. Further, plaintiff does not even state that he failed to discover his cause of action within the limitations period (or state when he actually discovered his claims) and fails to offer any evidence of due diligence. (Dkt. 41, p. 4). The Adrian defendants assert that, clearly, plaintiff had actual knowledge of the facts underpinning his claims on the day he was arrested; or, at the very latest, when the information and witness list were filed in the underlying criminal proceeding on June 11, 2003. *Id.* at 4, 8; Ex. B. The Adrian defendants point out that the information plaintiff now claims was "concealed" was obviously used by him and his lawyer in reach the plea agreement. *Id.* at 9.

Defendant Moore filed a response to plaintiff's motion for leave to amend on April 9, 2008. (Dkt. 42). Defendant Moore's argument is twofold. First, he too suggests that plaintiff's motion for leave to amend would be futile because his claims are barred by the statute of limitations. *Id.* at 5. Defendant Moore's argument is substantially similar to the Adrian defendants' position on this issue

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

12

and need not be repeated here.[5]  Second, defendant Moore suggests that leave to

amend is futile because, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994),

plaintiff's claims are barred by *res judicata* where he pleaded guilty to the

underlying criminal charges from which his civil claims arose.  *Id*.  Defendant

Moore explains that, throughout the complaint, plaintiff makes assertions that

"call into question the validity of his plea based conviction."  *Id*. at 8.  For

example, plaintiff challenges whether the police had probable cause to stop his car

and he questions the validity of the seizure of cocaine.  *Id*.  According to

defendant Moore, this is "precisely the type of challenge that is prohibited" under

*Heck v. Humphrey*.  *Id*.  Plaintiff pleaded guilty to possession with intent to

deliver; because he had no criminal appeal, "he is now attempting to use this §

1983 claim to collaterally attack the factual circumstances of his conviction for

money damages."  *Id*.  According to defendant Moore, since plaintiff's claims

"factually relate to the validity of plaintiff's conviction and confinement, his claim

is legally barred."  *Id*.  Stated differently, where success in a civil suit "would

implicitly question the validity of conviction or duration of sentence, a litigant

---

[5]  The County defendants and the Sheriff's Department defendants joined in
their co-defendants' responses to plaintiff's motion to amend on May 6, 2008, but
do not offer any additional substantive argument.  (Dkt. 44).

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

13

must first achieve favorable termination of his available state or federal habeas opportunities to challenge the underlying conviction or sentence." *Id*. at 8-9, quoting, *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

Defendant Moore also argues that plaintiff's state law tort claims are barred for the same reasons. In *Moore v. Michigan Nat. Bank*, 368 Mich. 71, 73-74, 117 N.W.2d (1962), the Michigan Supreme Court held that a conviction, unless procured by fraud or unfair means, is conclusive evidence of probable cause. (Dkt. 42, p. 9). In *Moore*, the court dismissed the plaintiff's malicious prosecution claim because the plaintiff's guilty plea rendered it factually impossible for him to demonstrate that probable cause was lacking. (Dkt. 42, p. 9). Thus, defendant Moore suggests that plaintiff's proposed amendment is entirely futile and should be denied.

Plaintiff filed reply briefs in support of his motion for leave to amend on May 12, 2008. (Dkt. 46, 47). In his first reply, he argues that his proposed amended complaint sets forth sufficient facts to establish that the statute of limitations should be tolled given that he was "prevented from discovery the merits of his claim or the identity of those officers involved, in order to bring his claim before now." (Dkt. 46, p. 2). Further, plaintiff claims that he still does "not

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

14

know the identities of all the police officers who were involved in . . . his April 10, 2003 arrest." *Id*. at 3. Plaintiff also suggests that he exercised due diligence by sending letters to the various police departments. *Id*.

In his second reply, plaintiff addresses defendant Moore's argument that his claims are barred by *Heck v. Humphrey*. (Dkt. 47). He argues that the grant of relief in his proposed amended complaint will not invalidate his conviction and argues that the success of an excessive force claim does not rest on the overturning of a conviction. *Id*. at 2-3, citing, *Fox v. DeSoto*, 489 F.3d 227 (6th Cir. 2007).

In response to the Adrian defendants' challenge to provide documentation or testimonial evidence to support his claims that he exercised due diligence (Dkt. 45), plaintiff also submitted an affidavit purporting to detail his efforts to obtain information regarding his causes of action. (Dkt. 48). He claims to have sent two letters to the Adrian police department and two letters to the Monroe County Sheriff's Department and also claims that he did not receive any responses. *Id*. Plaintiff further explains that he did not know who the "Chief of the City of Adrian" was until reviewing the affidavit of Chief Collins. *Id*. Thus, according to plaintiff, he could not have brought suit any earlier and exercised due diligence in trying to learn the names of the defendants before the statute of limitations

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

expired. (Dkt. 46, 48).

E.     <u>Motion to Voluntarily Dismiss Certain Defendants</u>

As noted above, plaintiff filed a motion to "voluntarily" dismiss certain defendants. (Dkt. 29). Plaintiff states no basis for his motion, but he purports to "hereby voluntarily dismiss," "without prejudice," Prosecutor Weipert, Prosecutor Unknown, Magistrate Tina Todd, Circuit Judge William L. Lavoy, Unknown Chief of City of Adrian, Prosecutor Swinkey, the Monroe County Prosecutor's office, District Judge Unknown, the County of Monroe, and the County of Lenawee. *Id*. The Adrian defendants responded to plaintiff's motion, indicating that they will stipulate to the dismissal of the "Chief of the City of Adrian" only if that dismissal is with prejudice. (Dkt. 40). The remaining defendants have not filed a response to this motion. The undersigned notes that, pursuant to <u>Fed.R.Civ.P. 41(a)(2),</u> after responsive pleadings are filed, voluntary dismissals must be obtained by leave of the Court unless all the parties who have appeared agree to the dismissal.

## III.   DISCUSSION

A.     <u>Standard of Review</u>

A defendant raising the statute of limitations as an affirmative defense has

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

the burden of proving that the action is time-barred. *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001). To prevail on this affirmative defense, defendants must prove both that: (1) the statute of limitations has run; and (2) that no genuine issue of material fact exists as to when plaintiff's cause of action accrued. *Id.* If defendants meet this burden, the burden then shifts to plaintiff to establish an exception to the statute of limitations. *Id.* The nonmoving party may not rest on the mere allegations in the pleadings. *Id.* However, if defendants fail to meet their burden of proof, plaintiff has no obligation to proffer any additional evidence to rebut the statute of limitations defense. *Fonseca v. CONRAIL*, 246 F.3d 585, 590-91 (6th Cir. 2001).

The nature of plaintiff's burden with respect to establishing an exception depends on the exception at issue. This Court recently agreed with the Tenth Circuit that "for equitable tolling of the statute of limitations, the burden lies with the plaintiff; for [tolling based on] administrative exhaustion under 42 U.S.C. § 1997e, the burden lies with the defendants." *Jones v. Richardson*, 2008 WL 907383, *11 (E.D. Mich. 2008), quoting, *Roberts v. Barreras*, 484 F.3d 1236 (10th Cir. 2007).

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

17

B.  Statute of Limitations

Statutes of limitation are established to extinguish rights, justifiable or not, that might otherwise be asserted.  *Kavanagh v. Noble*, 332 U.S. 535, 539 (1947). They are designed, among other things, to compel plaintiffs to exercise their rights of action within a reasonable time; to protect potential defendants from the protracted fear of litigation; and to promote judicial efficiency by preventing defendants and courts from having to litigate stale claims.  *Moll v. Abbott Labs.*, 444 Mich. 1, 14, 506 N.W.2d 816 (1993); *see also*, *U.S. v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 503 (6th Cir. 1998).  As such, these statutory restrictions are not simply technicalities; rather, they are fundamental to a well-ordered judicial system.  *Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio*, 446 U.S. 478, 487 (1980).

Because Congress did not specifically adopt a statute of limitations governing § 1983 actions, "federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought."  *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003), citing *Wilson v. Garcia*, 471 U.S. 261, 275-276 (1985).  The Sixth Circuit has held that the "appropriate statute of limitations to be borrowed for § 1983 actions arising in

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

18

Michigan is the state's three-year limitations period for personal injury claims."

*Drake v. City of Detroit, Michigan*, 266 Fed.Appx. 444, 448 (6th Cir. 2008), citing, Mich. Comp. Laws § 600.5805(10); *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004); *see also*, *Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (Where "state law provides multiple statutes of limitation for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions.").

The characterization of a claim, including the determination of when the cause of action accrued, is determined by federal law. *Wallace v. Kato*, --- U.S. ---, 127 S.Ct. 1091, 1095 (2007). The statute of limitations begins to run under federal law "when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). "In determining when the cause of action accrues in section 1983 actions, [courts] have looked to what event should have alerted the typical lay persons to protect his or her rights." *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997).

      1.    Defendants have met their burden of proving that plaintiff's excessive force claim is barred by the statute of limitations.

"A § 1983 claim for excessive force in effectuating an arrest accrues at the

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

19

time of arrest." *Fox*, 489 F.3d at 233, citing, *Wallace v. Kato*, 127 S.Ct. at 1095.

When there are no disputed facts on this question, it is for the Court to decide.

*See*, *Moll*, 444 Mich. at 26 (Where the facts are undisputed, whether a cause of action is barred by the statute of limitations is a question of law to be determined by the trial judge.). There is no dispute that plaintiff's arrest occurred on April 10, 2003. April 10, 2003, therefore, sets the date from which any § 1983 excessive force claim accrued. There is also no dispute that plaintiff's complaint was not filed until August 8, 2007, well in excess of the three years prescribed by Michigan's statute of limitations. Thus, the undersigned concludes that plaintiff's excessive force claim is presumptively time-barred.

>    2.   Plaintiff has failed to establish that tolling of his excessive force claim under the Michigan fraudulent concealment statute is appropriate.[6]

Acknowledging that the limitations period expired before he filed suit, plaintiff argues, however, that the statute of limitations with respect to this excessive force claim should be tolled under Michigan's fraudulent concealment

---

[6] Plaintiff neither asserts that the statute of limitations should be tolled as to any of his other claims, including those based on any purported policy, pattern, or practice of any of defendants, nor does he claim that any policy, pattern, or practice based causes of actions accrued such that the statute of limitations had not already run when he filed his complaint.

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

20

statute.  For 1983 claims, the federal courts generally rely on state law for tolling

rule, just as with the length of the appropriate limitations period.  *Wallace*, 127

S.Ct. at 1098.  Michigan law provides that the statute of limitations may be tolled

where a defendant has concealed the facts giving rise to the cause of action:

> If a person who is or may be liable for any claim
> fraudulently conceals the existence of the claim or the
> identity of any person who is liable for the claim from
> the knowledge of the person entitled to sue on the claim,
> the action may be commenced at any time within 2 years
> after the person who is entitled to bring the action
> discovers, or should have discovered, the existence of
> the claim or the identity of the person who is liable for
> the claim, although the action would otherwise be barred.

Mich. Comp. Laws § 600.5855.  The acts constituting fraudulent concealment are

"(1) wrongful concealment of their actions by the defendants; (2) failure of the

plaintiff to discover the operative facts that are the basis of his cause of action

within the limitations period; and (3) plaintiff's due diligence until discovery of

the facts."  *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 851 (6th Cir. 2006),

quoting, *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir.

1975).

Plaintiff has neither alleged nor proven that equitable tolling is applicable

with respect to his excessive force claim against defendant Moore.  Thus, this

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

21

claim remains time-barred as set forth above. With respect to his excessive force

claims against the Adrian police department and the Monroe County Sheriff's

Department, plaintiff asserts that he failed to discover the operative facts of his

claim (i.e., the identity of all the alleged wrongdoers) based on the failure of these

entities to respond to his inquiries. Even if true, plaintiff's claim for equitable

tolling must fail for several reasons. As the Adrian defendants correctly point out,

plaintiff fails to explain how or when he actually discovered his claim. That is, he

offers no explanation or evidence regarding any newly discovered evidence or

information obtained *after* the limitations period expired, which is required by

§ 600.5855. Indeed, it appears that plaintiff had exactly the same information in

his possession on the day he was arrested as the day he filed suit. Additionally,

plaintiff had access to the information and witness list that were filed in the

underlying proceeding on June 11, 2003. (Dkt. 41, p. 8; Ex. B). The Court agrees

with the Adrian defendants that the information plaintiff now claims was somehow

"concealed" from him, was apparently used by him and his lawyer in reaching the

plea agreement. *Id*. at 9. Further, failing to answer letters is not fraudulent

concealment. Thus, plaintiff cannot establish either that defendants "wrongfully

concealed" anything or that he "failed to discover his cause of action" before the

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

22

expiration of the limitations period.  With Michigan's equitable tolling provision

unavailable, plaintiff's excessive force claim, as to all remaining defendants

against whom this claim is asserted, is time-barred by the statute of limitations.

*See, Hedges v. U.S., 404 F.3d 744, 751 (3d Cir. 2005)* (equitable tolling is "an

extraordinary remedy which should be extended only sparingly," and is

unavailable unless the plaintiff exercised due diligence in pursuing his claims).

> 3.   *Heck v. Humphrey* neither applies to, nor affects, the accrual of
> plaintiff's excessive force claim.

Plaintiff disputes defendant Moore's argument that *Heck* bars his claim for

excessive force.  Plaintiff is correct, however, this does not change the result

reached above because the statute of limitations for the excessive force claim

accrued on the date of plaintiff's arrest and nothing has deferred that accrual.  In

*Wallace v. Kato*, the Supreme Court clarified that "the *Heck* rule for deferred

accrual is called into play only when there exists 'a conviction or sentence that has

not been  . . .  invalidated,' that is to say, an 'outstanding criminal judgment.'"

*Warner v. McMinn Co.*, 2007 WL 3020510 (E.D. Tenn. 2007), quoting, *Wallace v.

Kato*, 127 S.Ct. at 1097-1098.  Thus, plaintiff is correct that *Heck* is not generally

a bar to a § 1983 claim of excessive force, however, *Heck* also does not operate to

toll the limitations period for such a claim because, as set forth above, a "§ 1983

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

23

claim for excessive force in effectuating an arrest accrues at the time of arrest."

*Fox*, 489 F.3d at 233.  Again, plaintiff's excessive force claim accrued on April

10, 2003 and expired on April 10, 2006, well before plaintiff filed this suit.

> 4.  Plaintiff's false imprisonment and false arrest claims are barred by the statute of limitations and *Heck v. Humphrey* does not defer accrual of the applicable statute of limitations.

In *Wallace v. Kato*, the Supreme Court analyzed when claims of false

imprisonment and false arrest (which overlap) begin to accrue.  The Court

observed that, "[r]eflective of the fact that false imprisonment[7] consists of

detention without legal process, a false imprisonment ends once the victim

becomes held pursuant to such process-when, for example, he is bound over by a

magistrate or arraigned on charges."  *Wallace v. Kato*, 127 S.Ct. at 1096.  After

such legal process begins, "unlawful detention forms part of the damages for the

'entirely distinct' tort of malicious prosecution, which remedies detention

accompanied, not by absence of legal process, but by wrongful institution of legal

process."  *Id.*  The Court held that, for a claim for false arrest, "where the arrest is

followed by criminal proceedings, [the statute of limitations] begins to run at the

---

[7]  After noting the overlap between the two claims, the Court referred to them collectively as "false imprisonment" throughout much of its opinion. *Wallace*, 127 S.Ct. at 1095.

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

24

time the claimant becomes detained pursuant to legal process." *Id.* at 1100.

Based on this analysis, the Court rejected the petitioner's contention that his false imprisonment ended when he was released from custody. Rather, the Court concluded, his false imprisonment "ended much earlier, when legal process was initiated against him, and the statute [of limitations] would have begun to run from that date... ." *Id*; *see also, Jones v. Whittaker*, 2008 WL 2397716, *3 (W.D. Ky. 2008)* (The plaintiff's "§ 1983 claim arises from his alleged false arrest and false imprisonment, both of which would have ended when the Plaintiff became held pursuant to legal process on ... the date of his arraignment.").

Here, plaintiff was arraigned on June 13, 2003. (Dkt. 23, Ex. 2). Under *Wallace*, the statute of limitations for plaintiff's false imprisonment and false arrest claims began to accrue on that date. Thus, the limitations period expired on June 13, 2006, long before plaintiff filed this lawsuit on August 8, 2007. Plaintiff's claims for false imprisonment and false arrest are therefore time-barred.

Moreover, the delayed accrual rule for malicious prosecution set forth in *Heck v. Humphrey* does not apply to plaintiff's false arrest and false imprisonment claims. As the Sixth Circuit recently noted in *Fox*, the *Wallace* Court "rejected both the argument that the statute of limitations on a false arrest claim should

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

25

begin only after 'an anticipated future conviction . . . occurs and is set aside,' and that the statute of limitations on such a claim should be tolled until an anticipated future conviction is set aside." *Fox*, 489 F.3d at 235, quoting, *Wallace*, 127 S.Ct. at 1098-1099 (internal citations omitted). Thus, "the possibility that the plaintiff's already-accrued § 1983 [false imprisonment] claims might impugn an anticipated future conviction did not trigger the *Heck* rule for deferred accrual." *Fox*, 489 F.3d at 235. Thus, there is no basis under *Heck v. Humphrey* for deferring the accrual of the three-year statute of limitations applicable to these claims.

C.     <u>Plaintiff Fails to State a Claim for Malicious Prosecution Under § 1983 and Any State Law Claims Must Fail Because His Conviction Was Not Set Aside</u>.

Plaintiff's malicious prosecution claim is barred by *Heck v. Humphrey*. In *Heck*, the Supreme Court held that the plaintiff's post-conviction action under § 1983 for claims analogous to the tort of malicious prosecution (brought during the pendency of his state-court criminal appeal) would not accrue until a final adjudication in *Heck's* favor in state court, since the tort of malicious prosecution requires final adjudication in favor of the accused and any determination by the federal court regarding the legality of the prosecution would necessarily affect the validity of the state court proceedings. *Heck v. Humphrey*, 512 U.S. at 480-487.

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

26

The Court held that a "claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 486-487. *Heck* stands for the "proposition that in order to bring a section 1983 suit challenging the constitutionality of a conviction, a plaintiff must prove that the conviction has been reversed on direct appeal or otherwise declared invalid." *Moore v. Hayes*, 1998 WL 432474, *6 (6th Cir. 1998). In this case, therefore, plaintiff has simply failed to state a claim for malicious prosecution because he has not established that his conviction was set aside. To the extent that plaintiff asserts that his purported malicious prosecution resulted from some policy, pattern, or practice, that claim too must fail for the same reason. *See, e.g., Crespo v. New York City Police Comm'r*, 930 F.Supp. 109, 117 (S.D.N.Y. 1996) (Claim that prosecution resulted from policy of perjury and falsification of documents did not accrue for limitations purposes until such time as the underlying criminal action against plaintiff was terminated in plaintiff's favor.).

Moreover, if plaintiff intended to assert state-law claims of false arrest, false imprisonment, or malicious prosecution, in addition to pursuing these theories as federal constitutional claims under § 1983, his conviction requires the dismissal of these state-law claims, for the same reasons set forth above. As defendant Moore

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

27

pointed out, "[u]nder Michigan law, a plaintiff must demonstrate the absence of probable cause [to arrest] to prevail in claims of malicious prosecution, false arrest, or false imprisonment." *Bell v. Raby*, 2000 WL 356354, *8, n. 13 (E.D. Mich. 2000), citing, *Moore v. Michigan Nat'l Bank, supra*; *Blase v. Appicelli*, 195 Mich.App. 174, 489 N.W.2d 129, 131 (1992); *Tope v. Howe*, 179 Mich.App. 91, 445 N.W.2d 452, 459 (1989). This is so because a criminal conviction is "conclusive proof of probable cause," which defeats these claims. *Bell*, at *8 n. 13, quoting, *Moore v. Michigan Nat'l Bank*, 368 Mich. at 72. Under Michigan law, this general rule also applies to convictions resulting from a guilty plea. *Blase*, 195 Mich.App. at 178. Thus, to the extent plaintiff asserts any such state law claims, they too should be dismissed.

## IV.    RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that defendants' motions for judgment on the pleadings and for summary judgment be **GRANTED**, that plaintiff's motion to voluntarily dismiss certain defendants be **DENIED** as **MOOT**, and that this matter be **DISMISSED** in its entirety **WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

28

of a copy hereof, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2D 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not exceed 20 pages in length unless such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections by motion order. If the Court determines objections are without merit, it may rule without awaiting the response to the objections.

Date: August 6, 2008

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297

29

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Steven M. Cabadas, George M. DeGrood, III, and S. Randall Field, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Michael McCray, # 239477, Hiawatha Correctional Facility, 4533 W. Industrial Park Drive, Kincheloe, MI 49786.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov

Report and Recommendation
Defendants' Motion for Judgment on Pleadings
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Voluntary Dismissal
*McCray v. Moore*; No. 07-13297